UNITED STATES DISTRICT COURT
For The DISTRICT OF MASSACHUSETTS

Boston, MA                                                                                          Civil Action No.

| | |
|---|---|
| Trustees of the Iron Workers ) | |
| District Council of New England Pension, ) | |
| Health and Welfare, Annuity, Vacation, ) | |
| Education Funds, and other Funds, ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | |
| West Shore Metals, LLC ) | |
| and ) | |
| Bruce Bouchard, ) | |
|     Defendants. ) | |

## **INTRODUCTION**

1. This is an action under the Employee Retirement Income Security Act ("ERISA"), particularly 29 USC §1132(a), (d), (f), and (g), other sections and other counts, to recover delinquent contributions owed by the defendants to trust funds administered by the plaintiffs, Trustees of the Iron Workers District Council of New England Pension, Health and Welfare, Annuity, Vacation, and Education Funds ("Trustees").

## **JURISDICTION and VENUE**

2. Subject Matter jurisdiction is provided by the Labor Management Relations Act ("LMRA"), 29 U.S.C., §185 *et seq*; the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C., §§502, 515, and 1132, 29 U.S.C., §§1331 and 1337, among other sections.

3. Venue lies as the Plaintiffs operate from their offices in Boston, MA and Defendants operate a business enterprise doing business in Massachusetts. Also, a collective bargaining agreement binding Defendant Bruce Bouchard recites a forum selection clause. Exhibit A (Champion-CBA), at ¶11.

## PARTIES

4. The Trustees administer duly established employee pension, health and other benefits plans formed in accord with 29 U.S.C., §§185, 1002 (1), (2) and (3) from the funds' business offices located at 161 Granite Avenue in Dorchester, Massachusetts, 02124, County of Suffolk.

5. The Defendant West Shore Metals, LLC. ("West Shore") has its principal place of business located at 28 West Shore Drive, Enfield, CT 06082; and

6. Defendant Bruce Bouchard is, upon information and belief, the "Member" of West Shore of the same address.

7. West Shore, upon information and belief, is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 USC §1002(5) and 12 and within the meaning of §301 of the LMRA, 29 USC §185.

## FACTS

8. Defendant Mr. Bouchard executed a collective bargaining agreement ("Champion-CBA") with Iron Workers Local 7. The CBA includes obligations to make contributions to the Trustees for each hour worked by its employees on labor articulated in and covered by the CBA ("Covered Work") for pension, health insurance, and other benefits contributions to trust funds established by the CBA and administered by Trustees.

9. Bouchard, in violation of the Champion-CBA, began a new business enterprise, *an alter ego* of Champion, to avoid the CBA, i.e., Defendant West Shore.

10. Substantially identical to Champion Steel are West Shore's:

    a. Business purpose, i.e., steel erection and installation subcontracting;

2

    b. Ownership, e.g., Mr. Bouchard, who also co-owned and jointly operated Champion Steel, owns West Shore;

    c. Operations in manner, activity, and geographic area;

    d. Customers, e.g., fabricators;

    e. Equipment, West Shore uses Champion's trucks and other equipment; and

    f. Management.

11. Bouchard, in violation of the Champion-CBA at has started a business enterprise to avoid contributions and other obligations. Exhibit ? (Champion-CBA), e.g., at ¶¶ 5 and 6.

12. Operating under West Shore, Mr. Bouchard refused to submit contributions for Covered Work performed by its employees where the Champion-CBA required contributions for such work, specifically on at least one construction project located in Medfield, MA known as the Medfield Public Safety Building ("Project") and other locations.

13. West Shore has failed or refused to pay the above referenced contributions and/or has subcontracted in violation of the Champion-CBA to elude contributions. Accordingly, West Shore & Mr. Bouchard -personally, owes such contributions stated herein, plus interest, liquidated damages, attorney's fees, and costs of collection in accord with the Champion-CBA, trust documents, and ERISA.

## Count I
(Violation of Collective Bargaining Agreement – Contributions and Interest)

14. The Trustees restate all of the facts and allegations set forth in each of the Paragraphs above, and by this reference incorporate them herein.

15. The failure of West Shore to pay the contributions owed for labor covered by the CBA violates the terms of the Champion-CBA, said violations having caused grave damage and loss to the Plaintiffs.

### **Count II**
(ERISA)

16. The Trustees restate all of the facts and allegations set forth in each of the Paragraphs above, and by this reference incorporate them herein.

17. The failure of West Shore to make payment of all contributions owed for CBA covered work along with interest owed thereon, violates §515 of ERISA, 29 USC §1145.

18. Absent an order from this Court, Defendants will continue to engage in Covered Work and will continue to refuse to pay contributions owed to the Trustees causing irreparable harm, as follows:

    a. The Trustees may incur liability to Defendants' employees;

    b. The plans administered by the Trustees will receive fewer contributions during the life operation of West Shore;

    c. Other employers signatory to the plans may incur increased withdrawal liability because Defendants refused to pay its due obligations;

    d. The various funds' actuarial projections may be at risk, threatening harm the soundness of the plans;

    e. As required by ERISA, the Trustees may be forced to notify Participants that plans are operating at risk to non-funding, which will frustrate participants with the plans resulting in them leaving to work for employers

that are not signatory to the plans further reducing the potential to meet actuarial projections.

## **DEMAND FOR JUDGMENT**

**WHEREFORE,** the Plaintiffs respectfully demand that this Court:

1. Order the attachment of machinery, inventory and accounts receivable of West Shore;
2. Enter a preliminary and permanent injunction enjoining Defendants from operating while refusing or failing to make contributions owed in accord with the Champion-CBA and delinquent interest owed to the Trustees; and
3. Enter judgment in favor of the Plaintiffs together with additional accrued interest on the unpaid contributions, liquidated damages and attorney fees and costs, as provided for in the Champion-CBA and by ERISA; and
4. Provide such other and further relief as the Court may deem proper and just.

    Plaintiffs, Trustees of the Iron Workers District Council of New England Pension, Health and Welfare, Annuity, Vacation, and Education Funds,
By their attorney,

/s/ Mickey Long
Mickey Long BBO# 634388
P.O. Box E-1
193 Old Colony Avenue
Boston, MA 02127
TEL: (617) 269-0229
FAX: 617.765.4300

November 6, 2015    mickeylong@outlook.com